IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

FILED
MAY 22 2019
PATRICK KEANEY
Clerk, U.S. District Court
By_____
Deputy Clerk

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

NICHOLAS EARL FAULKNER, a/k/a
Ponyboy,

    *Defendant*.

Case No. CR 18-058-RAW

## PLEA AGREEMENT

### PARTIES

This plea agreement is entered into by and between the United States, by and through the United States Attorney for the Eastern District of Oklahoma, the Chief, Human Rights and Special Prosecutions Section, for the Department of Justice, Criminal Division, and the above-captioned defendant.

## I. THE PLEA

### DEFENDANT'S PLEA

The defendant agrees to voluntarily plead guilty to and admits to being guilty of the following charges in the Eastern District of Oklahoma:

| Count | Offense | Statute |
|---|---|---|
| 3 | Kidnapping | 18 U.S.C. §§ 1201(a)(1), 2, 1151, 1153 |
| 8 | Felon in Possession of Firearm | 18 U.S.C. §§ 922(g)(1), 924(a)(2) |

as set forth in the Indictment. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of these two offenses charged in the Indictment.

Defendant Initials *NF*        Page 1 of 15

## MAXIMUM POSSIBLE IMPRISONMENT AND/OR FINE

The defendant understands that the *maximum* possible penalty for Kidnapping is imprisonment for a period of any term of years or for life and/or a fine of $250,000.00, a term of supervised release to be determined by the Court, and a special assessment in the amount of $100.00. The defendant understands that the *maximum* possible penalty for Felon in Possession of a Firearm is imprisonment for a period of not more than 10 years and/or a fine of $250,000.00, a term of supervised release to be determined by the Court, and a special assessment in the amount of $100.00. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

## DISMISSAL

At the time of sentencing on the counts set forth above, the parties agree that the United States will move for dismissal of any remaining counts pending against the defendant.

## FACTUAL BASIS FOR PLEA

The defendant agrees that if this matter were to proceed to trial, the United States could prove the following facts beyond a reasonable doubt, and that these facts accurately represent the defendant's provable offense conduct and specific offense characteristics:

The defendant is an enrolled member of the Cheyenne and Arapaho Tribe, assigned Enrollment Number 2801A10987.

In April 2017, the defendant and Matthew Onesimo Armstrong were living together in Armstrong's home in Seminole County, Oklahoma. Armstrong was a member of the Indian Brotherhood (IBH), and the defendant was a prospective member of IBH. IBH was a prison-based

Defendant Initials _NF_    Page 2 of 15

Indian gang active in Oklahoma. The defendant's nickname was Ponyboy. From Armstrong's home, the defendant and Armstrong packaged methamphetamine, marijuana, tobacco, cell phones, and phone chargers to be smuggled for IBH into various prisons and jails, and to be sold on behalf of IBH.

Sometime on the weekend of April 14-16, 2017, Armstrong believed that Nicole Owl ("the victim"), a 31-year old woman who had been staying with the defendant at Armstrong's home, had stolen some amount of methamphetamine, marijuana, and money from Armstrong. At some point on April 16, which was Easter Sunday, Armstrong encountered the victim at his home and confronted her regarding the theft, which the victim denied. Armstrong then took the victim into a heavily wooded area behind his home and tied her to a tree with a green extension cord and shoelaces. The victim's body was tied to the tree, her wrists were tied behind her back, and her neck was also tied against the tree. The defendant assisted Armstrong by bringing the extension cords and other binding materials to Armstrong, at Armstrong's direction. Thereafter, Armstrong and the defendant left the victim tied to the tree and the defendant departed Armstrong's home while Armstrong stayed at his home. The victim remained tied to the tree for several hours into the late evening.

On the evening of April 16, 2017, at about 7:45 p.m., Armstrong sent a text message to Witness-1 from a cellular phone, an instrumentality of interstate commerce, which stated, "Mmmhm I need ur help I guess I got sum thing tied up I need gone." Sometime thereafter, Witness-1 drove its car to Armstrong's home. Witness-1 also drove Armstrong to his father Jimmy Armstrong's house, from which Armstrong retrieved an SKS rifle that Armstrong had stored at Jimmy Armstrong's home. Armstrong later called the defendant from a cellular phone, an instrumentality of interstate commerce, and Witness-1 drove Armstrong to pick up the defendant from an address in Holdenville, Oklahoma. Armstrong, the defendant, and Witness-1 then returned to Armstrong's house and resumed searching for the victim in the woods. They found her still tied to the tree where Armstrong and the defendant

Defendant Initials _NF_    Page 3 of 15

had left the victim earlier on April 16, 2017. Armstrong asked the victim what she had done with his stuff, and she replied that maybe she would remember if he kept her tied up longer. Armstrong then picked up the SKS rifle, which had been resting against a tree. Armstrong asked the defendant if he wanted to shoot the victim, and the defendant said no. Armstrong then shot the victim once in the chest, at which point the rifle's magazine fell out. Armstrong reinserted the magazine and shot the victim again in the head. Sometime thereafter, Armstrong gave the rifle to the defendant and told the defendant to take the gun back to the house and come back with shovels. The defendant took the gun and left the area. The defendant then got lost in the woods for a lengthy period.

Eventually, the defendant, Armstrong, and Witness-1 reconvened in the woods and discussed what to do with the victim's body. It had begun to rain, and they were concerned that her body would not stay concealed in the ground, and discussed burying her under cement. On the morning of April 17, 2017, Witness-1 drove Armstrong and the defendant to a hardware store where they purchased two 80-pound bags of cement. They then returned to Armstrong's home and brought buckets and water to the homicide site and dug a grave. Armstrong cut the victim's body loose from the tree. Armstrong also removed a black shirt that he was wearing and wrapped it around the victim's head. They placed the victim's body in a shallow grave, mixed the cement with water, and poured it over her body.

The homicide site, which was located at N 35 07 38.7, W 096 33 10.9, is Indian Country.

In December 2013, the defendant was convicted of a felony charge which was punishable by penalty of greater than one year in prison, namely domestic assault and battery resulting in great bodily harm, in the district court for Custer Country, Oklahoma.

The SKS Model 7.62 x 39mm rifle bearing serial number 21001553 was examined and it was determined the firearm was not manufactured in the state of Oklahoma.

The defendant understands that defendant will have to swear under oath to the accuracy of this statement, and if defendant should be called upon to testify under oath about this matter in the future, and willfully and contrary to such oath state or subscribe any material matter which he does not believe to be true, the defendant may subject himself to additional penalties of perjury which may be enforced by the United States under this agreement.

## II. LIMITATIONS OF THE AGREEMENT

### NO OTHER CHARGES (TAX CHARGES EXCLUDED)

The United States Attorney's Office for the Eastern District of Oklahoma and the Human Rights and Special Prosecutions Section agree that they will not bring any other criminal charges against the defendant which are known to the United States Attorney's Office for the Eastern District of Oklahoma or the Human Rights and Special Prosecutions Section, as of the date of this agreement. However, nothing in this agreement will limit prosecution for criminal tax charges, if any, arising out of such offenses.

### COURT, IRS & OTHERS NOT BOUND

The defendant understands that the Court is not a party to and is not bound by this agreement nor any recommendations made by the parties. Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in this agreement. Nothing in this agreement shall bind any other federal, state or local district, jurisdiction or law enforcement agency.

## III. WAIVERS

### SPEEDY TRIAL ACT WAIVER

The defendant waives and agrees to waive any rights under the Speedy Trial Act.

## WAIVER OF DEFENSES

The defendant waives his trial rights, including the right to raise any defense based on duress.

## WAIVER OF CIVIL CLAIMS AND HYDE ACT CLAIMS

The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant.

## FREEDOM OF INFORMATION ACT (FOIA) WAIVER

The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, but not limited to, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## WAIVER OF APPELLATE AND POST-CONVICTION RIGHTS

In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following appellate and post-conviction terms of this agreement:

  a. the defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a);

  b. the defendant reserves the right to appeal from a sentence which exceeds the statutory maximum;

  c. the defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 125 S.Ct. 738 (2005);

  d. the defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel;

  e. the defendant waives the right to have the sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the government;

  f. the defendant waives the right to appeal the District Court's determination of the amount of restitution and the Court's subsequent restitution order, if any; and

Defendant Initials _NF_    Page 6 of 15

  g. the defendant waives the right to appeal the District Court's determination of any forfeiture issues and the Court's subsequent forfeiture order, if any.

### WAIVER OF "DEPARTURE" AND "VARIANCE" RIGHTS

In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following waiver of rights:

  a. the defendant waives the right to request, recommend, or file a "departure" motion with the U.S. Probation Office or Court recommending a sentence below the Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines; and

  b. the defendant waives the right to request, recommend, or file a "variance" motion with the U.S. Probation Office or Court requesting a sentence below the Guidelines range through the application of 18 U.S.C. § 3553(a).

The defendant has been represented by counsel, and is fully satisfied with the services rendered by the defense attorney(s) and agrees that such representation has been competent legal representation and has provided the best result for the defendant possible under the circumstances of this case. The defendant expressly acknowledges that counsel has explained defendant's trial, sentencing, appellate and post-conviction rights; that defendant understands these rights; and that defendant knowingly and voluntarily waives and relinquishes those rights as set forth above.

*/s/ Nicholas Faulkner*
NICHOLAS EARL FAULKNER

05 21 2019
Date Signed

## IV. WITHDRAWAL OF PLEA OR BREACH OF AGREEMENT

### WITHDRAWAL OF PLEA

If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted

Defendant Initials __NF__      Page 7 of 15

to withdraw any plea should the Court decline to follow any recommendations by any of the parties to this agreement.

## BREACH OF AGREEMENT

In the event the United States believes the defendant has failed to fulfill any obligations under this agreement, committed any local, state, tribal or federal offense after execution of this agreement or has falsely implicated an innocent person in the commission of a crime, the United States shall, in its discretion, have the options of declaring any provision of this agreement null and void. The defendant and the United States agree that in the event the Court concludes that the defendant has breached this agreement:

    a. the defendant will not be permitted to withdraw any guilty plea(s) tendered under this agreement and agrees not to petition for withdrawal of any guilty plea(s);
    b. the United States will be free to make any recommendations to the Court regarding sentencing in this case;
    c. any evidence or statements made by the defendant during the cooperation phase will be admissible at any trials or sentencings; and
    d. the United States will be free to bring any other charges it has against the defendant.

## RE-INSTITUTION OF PROSECUTION

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be represented to a grand jury with jurisdiction over the matter. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or any constitutional restrictions as to the time of bringing such charges.

## V. CRIME VICTIMS' RIGHTS ACT PROVISIONS

### CRIME VICTIMS' RIGHTS ACT (18 U.S.C. § 3771)

Pursuant to the Crime Victims' Rights Act (18 U.S.C. § 3771) and the regulations promulgated under the Act by the Attorney General of the United States, the defendant understands that a crime victim has the following rights:

a. The right to be reasonably protected from the accused.
b. The right to reasonable, accurate, and timely notice of any public court proceeding, involving the crime or of any release or escape of the accused.
c. The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at the proceeding.
d. The right to be reasonably heard at any public proceeding in the district court involving release, plea or sentencing. The defendant understands that the victim's comments and recommendations may be different from those of the parties to this agreement.
e. The reasonable right to confer with the attorney for the Government in the case. The defendant understands that the victim's opinions and recommendations may be different from those presented by the United States.
f. The right to full and timely restitution as provided by law, including, but not limited to, restitution for property loss, personal injury or death.
g. The right to proceedings free from unreasonable delay.
h. The right to be treated with fairness and with respect for the victim's dignity and privacy.

The definition of "crime victim" under the Crime Victims' Rights is a person directly and proximately harmed as a result of the commission of a Federal offense. In the case of a crime victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardians of the crime victim or the representatives of the crime victim's estate, family members, or any other persons appointed as suitable by the court, may assume the crime victim's rights. In no event shall the defendant be named as such guardian or representative.

## VI. PRE-SENTENCE REPORT AND SENTENCING PROVISIONS

### INFORMATION TO BE CONSIDERED AT SENTENCING

Defendant Initials _NF_                Page 9 of 15

The defendant understands that the United States may bring to the Court's attention, and the Court may consider, all relevant information with respect to the defendant's background, character and conduct, including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States may bring to the Court's attention and the Court may consider any failure by the defendant to fulfill any obligation under this agreement.

## SENTENCING RECOMMENDATION(S)

*Acceptance of Responsibility and Third Point Motion*

Counsel for the defendant has affirmatively indicated that the defendant not only wishes to enter a plea of guilty, but also clearly demonstrates a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines. Provided that the defendant clearly demonstrates acceptance of responsibility in a timely manner, the United States agrees to recommend a two-point reduction in the offense level pursuant to U.S.S.G. § 3E1.1. If the defendant can adequately demonstrate this recognition and affirmative acceptance of responsibility to the Court, the United States Attorney's Office and the Human Rights and Special Prosecutions Section will move that the defendant receive a third-point reduction in the defendant's offense level for acceptance of responsibility, if the defendant is eligible for such relief under the United States Sentencing Guidelines. The failure of the Court to find that the defendant is entitled to a reduction for acceptance of responsibility shall not be a basis to void this plea agreement.

*Stipulations*

The defendant and the United States agree and stipulate to the following fact(s) related to sentencing:

Defendant Initials *NF*        Page 10 of 15

   a. The victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United States, as set forth in United States Sentencing Guideline §2A4.1(c).

The defendant understands that neither the Court nor the United States Probation Office is bound by the foregoing stipulation(s), whether such stipulations relate to questions of fact or law or to the determination of the correct advisory sentencing guideline calculation.

## VII. FINANCIAL OBLIGATIONS

### RESTITUTION

The defendant agrees to make full restitution in an amount and in full accordance with a schedule to be determined by the Court. Even if the defendant does not agree to full restitution, the defendant also understand that restitution for the full loss caused by the defendant's conduct may be imposed by the Court and, if so imposed, shall be a condition of any probation or term of supervised release that the defendant receives. The defendant understands that if the offense of conviction occurred after April 24, 1996, restitution is mandatory without regard to the defendant's ability to pay. The defendant further agrees the Court's consideration of the amount of restitution shall NOT be limited to the amounts alleged in the counts to which the defendant is pleading guilty, and may include all relevant conduct in addition to any stipulated amounts set forth above, pursuant to 18 U.S.C. § 3663.

The defendant understands and agrees that the total amount of any monetary judgment the Court orders the defendant to pay will be due and payable immediately. The defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, the defendant may be resentenced to any sentence which might have originally been imposed if the Court determines the defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make a sufficient

Defendant Initials *NF*    Page 11 of 15

bona fide efforts to pay a fine or restitution. Additionally, the defendant acknowledges and agrees the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. § 3572, 3613 and 3664(m), notwithstanding any initial or subsequent modified payment schedule set by the Court. The defendant further understands any monetary debt the defendant owes related to this matter may be included in the Treasury Offset Program (TOP) to potentially offset the defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(F), the defendant agrees that until a fine or restitution order is paid in full, the defendant must notify the United States Attorney's Office (ARU) of any changes in the mailing address or residence address within 30 days of such change. Further, pursuant to 18 U.S.C. § 3664(k), the defendant shall notify the court and the United States Attorney's Office (ARU) immediately any change in economic circumstances that might affect the defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts or any other acquisition of assets or money.

## VIII. OTHER TERMS

### PLACE OF CONFINEMENT

At the time of sentencing, the United States will not object to a request by the defendant that the Court recommend that the Bureau of Prisons consider his request for a specific place of confinement. The defendant understands that the Bureau of Prisons is not bound by recommendations from the Court.

## IX. CONTRACTUAL SPECIFICATIONS

### REASONS FOR AGREEMENT

The United States enters into this plea agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the

Defendant Initials _NF_    Page 12 of 15

charges are drawn, as well as the defendant's role in such offenses; takes into account the public interest in a prompt and certain disposition of the case; adequately protects the public; and promotes respect for the law, thereby serving the ends of justice.

## COMPLETE AGREEMENT/TERMS NOT SEVERABLE/CONSTRUCTION

The parties agree that this plea agreement was negotiated between competent legal counsel and shall not be construed against either the United States or the defendant because both parties acknowledge responsibility for the plea agreement reached as a result of negotiation with respect hereto and the expressed herein. The subject headings herein are for convenience only and are not part of this plea agreement. This document sets forth the complete and only terms of the plea agreement between the United States Attorney for the Eastern District of Oklahoma, the Chief of the Human Rights and Special Prosecutions Section, and the defendant in this case, and is binding only on the United States Attorney's Office for the Eastern District of Oklahoma, the Human Rights and Special Prosecutions Section, and the defendant. This written agreements supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than by a writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial.

## TIME LIMIT

The original of this agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., April 21 2019. Otherwise, the invitation to offer shall be deemed withdrawn.

Defendant Initials /N/ /F/                Page 13 of 15

## SIGNATURE REQUIREMENTS

None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Eastern District of Oklahoma or the Human Rights and Special Prosecutions Section, until this agreement is signed by the defendant, defense counsel, the United States Attorney, or his authorized representative, and the Chief of the Human Rights and Special Prosecutions Section, or her authorized representative.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it without reservation. No promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it. I do this of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

05 21 2019
Date

NICHOLAS EARL FAULKNER
Defendant

We are the defendant's counsel. We have carefully reviewed every part of this agreement with the defendant. It accurately and completely sets forth the entire agreement between the United States and the defendant. The defendant's decision to enter into this agreement is an informed and voluntary one.

05-21-2019
Date

Laura E. Udall, ABA # 010501
Cooper & Udall Law Office
136 W. Simpson Street
Tucson, AZ 85701
520-770-1414
Counsel for Defendant

5-21-2019
Date

J. Lance Hopkins, OBA#14852
219 W. Keetoowah
Tahlequah, OK 74464
(918) 456-8603
Counsel for Defendant

Defendant Initials  NF

Page 14 of 15

On behalf of the Office of the United States Attorney for the Eastern District of Oklahoma and the Human Rights and Special Prosecutions Section, we accept this agreement of the defendant to plead guilty under the terms and conditions set forth herein.

5/21/19
Date

BRIAN J. KUESTER
United States Attorney

D. Edward Snow, OBA # 16439
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
(918) 684-5100
(918) 684-5101 (fax)
Ed.Snow@usdoj.gov

5/21/19
Date

TERESA MCHENRY
Chief, Human Rights & Special Prosecutions Section

Mona Sahaf, DC Bar # 497854
Trial Attorney,
Human Rights & Special Prosecutions Section
1301 New York Avenue NW
Washington, DC 20530
Mona.Sahaf@usdoj.gov
(202) 616-2335

Defendant Initials NT

Page 15 of 15