IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | Case No. CR-18-058-RAW |
| MATTHEW ONESIMO ARMSTRONG, | |
| Defendant. | |

FILED
OCT 20 2021
PATRICK KEANEY
Clerk, U.S. District Court
By_____
Deputy Clerk

## PLEA AGREEMENT

### PARTIES

This plea agreement is entered into by and between the United States, by and through the Acting United States Attorney for the Eastern District of Oklahoma, the Acting Chief of the Human Rights and Special Prosecutions Section for the Department of Justice, Criminal Division, and the above-captioned defendant **pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.**

## I. THE PLEA

### DEFENDANT'S PLEA

The defendant agrees to voluntarily plead guilty to and admits to being guilty of the following charges in the Eastern District of Oklahoma:

| Count | Offense | Statute |
|---|---|---|
| ONE | MURDER IN INDIAN COUNTRY | 18 U.S.C. §§ 1111(a), 2, 1151, & 1153 |
| THREE | KIDNAPPING | 18 U.S.C. 1201(a)(1), 2, 1151 & 1153 |
| FOUR | POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE | 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(A) & 18 U.S.C. § 2 |

Defendant Initials  MA          Page **1** of 16

as set forth in the Indictment. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense(s) charged in the Indictment.

## MAXIMUM POSSIBLE IMPRISONMENT AND/OR FINE

The defendant understands that the *maximum* possible penalty for COUNT ONE - MURDER IN INDIAN COUNTRY is imprisonment for a period of LIFE and/or a fine of $250,000.00, a term of supervised release to be determined by the Court, and a special assessment in the amount of $100.00. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement. The defendant further understands that the *maximum* possible penalty for COUNT THREE - KIDNAPPING is imprisonment for a period of LIFE and/or a fine of $250,000.00, a term of supervised release to be determined by the Court, and a special assessment in the amount of $100.00. The defendant further understands that the *maximum* possible penalty for COUNT FOUR – POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE is imprisonment for a period of LIFE and/or a fine of $10,000,000.00, a term of supervised release to be determined by the Court, and a special assessment in the amount of $100.00. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

## DISMISSAL

At the time of sentencing on the count(s) set forth above, the United States agrees to move for dismissal of any remaining counts pending against the defendant.

## FACTUAL BASIS FOR PLEA

The defendant agrees that if this matter were to proceed to trial, the United States could prove the following facts beyond a reasonable doubt, and that these facts accurately represent the defendant's provable offense conduct and specific offense characteristics:

In April 2017, Defendant, an enrolled member of the Seminole Nation and Nicholas Earl Faulkner, a/k/a Ponyboy (Faulkner), an Indian, were living together in Defendant's home in Seminole County, Oklahoma, which is in the Eastern District of Oklahoma. Defendant was a member of the Indian Brotherhood (IBH), and Faulkner was a prospective member of IBH. IBH was a prison-based Indian gang active in Oklahoma. From Defendant's residence, Faulkner and Defendant packaged methamphetamine, marijuana, tobacco, cell phones, and phone chargers to be smuggled for IBH into various prisons and jails, to be sold on behalf of IBH. In April 2017, Defendant possessed with the intent to distribute more than 50 grams of actual methamphetamine at Defendant's residence.

Sometime during the weekend of April 14-16, 2017, Defendant believed that Nicole Owl ("the victim"), a 31-year old woman who had been staying with Faulkner at Defendant's home, had stolen some amount of methamphetamine, marijuana, and money from Defendant. At some point on April 16, which was Easter Sunday, Defendant encountered the victim at his home and confronted her regarding the theft, which the victim denied. Defendant then took the victim into a heavily wooded area behind his home and tied her to a tree with a green extension cord and shoelaces. The victim's body was tied to the tree, her wrists were tied behind her back, and her neck was also tied against the tree. Faulkner assisted Defendant by bringing the extension cords and other binding materials to Defendant at Defendant's request. Thereafter, Defendant and Faulkner left the victim tied to the tree and returned to Defendant's residence. Faulkner departed Defendant's home while Defendant remained there. The victim remained tied to the tree for several hours into the evening.

On the evening of April 16, 2017, at about 7:45 p.m., Defendant sent a text message to Witness-1 from a cellular phone, an instrumentality of interstate commerce, which stated, "Mmmhm I need ur help I guess I got sum thing tied up I need gone." Sometime thereafter, Witness-1 drove his/her car to Defendant's home. Witness-1 also drove Defendant to Jimmy Armstrong's house, from which Defendant retrieved an SKS 7.62 x 39mm caliber rifle that Defendant had stored at Jimmy Armstrong's home. Jimmy Armstrong is Defendant's father. Defendant later called Faulkner from a cellular phone, an instrumentality of interstate commerce, and Witness-1 drove Defendant to pick up Faulkner from an address in Holdenville, Oklahoma. Defendant, Faulkner, and Witness-1 then returned to Defendant's house and resumed searching for the victim in the wooded area. They found her still tied to the tree where Defendant and Faulkner had left the victim earlier on April 16, 2017. Defendant asked the victim what she had done with his stuff, and she replied that maybe she would remember if he kept her tied up longer. Defendant then picked up the SKS rifle, which had been resting against a tree.

Defendant asked Faulkner if he wanted to shoot the victim, and Faulkner said, "No." Defendant then shot the victim once in the chest with the SKS rifle, at which point the rifle's magazine fell out. Defendant reinserted the magazine and shot the victim again in the head. Defendant killed the victim with premeditation and malice aforethought. Defendant gave the rifle to Faulkner and told Faulkner to take the gun back to the house and come back with shovels. Faulkner took the gun and left the area. Faulkner then got lost in the woods for a lengthy period.

Eventually, Defendant, Faulkner, and Witness-1 reconvened in the woods and discussed what to do with the victim's body. It had begun to rain. Being concerned the victim's body would not stay concealed in the ground, they discussed burying her under cement. On the morning of April 17, 2017, Witness-1 drove Defendant and Faulkner to a hardware store where Defendant and Faulkner purchased two 80-pound bags of cement. They then returned to Defendant's home and brought buckets and water to the homicide site and dug a grave. Defendant cut the victim's body loose from the tree. Defendant also removed a black shirt he was wearing and wrapped it around the victim's head. They placed the victim's body in a shallow grave, mixed the cement with water, and poured it over her body. The homicide site, which was located at N 35 07 38.7, W 096 33 10.9, is in Indian Country.

The defendant understands that defendant will have to swear under oath to the accuracy of this statement, and if defendant should be called upon to testify about this matter in the future, any inconsistencies in such testimony may subject defendant to additional penalties of perjury which may be enforced by the United States under this agreement.

## II. LIMITATIONS OF THE AGREEMENT

### NO OTHER CHARGES (TAX CHARGES EXCLUDED)

The United States Attorney's Office for the Eastern District of Oklahoma and the Human Rights and Special Prosecutions Section agree that it will not bring any other criminal charges against the defendant which are known to the United States Attorney's Office for the Eastern District of Oklahoma and the Human Rights and Special Prosecutions Section as of the date of this agreement. However, nothing in this agreement will limit prosecution for criminal tax charges, if any, arising out of such offense(s).

## COURT, IRS & OTHERS NOT BOUND

The defendant understands that the Court is not a party to this agreement. Should the Court choose to reject this agreement, the defendant understands the Court is not bound by this agreement nor any recommendations contained herein. Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in this agreement. Nothing in this agreement shall bind any other federal, state or local district, jurisdiction or law enforcement agency.

## III. WAIVERS

### SPEEDY TRIAL ACT WAIVER

The defendant waives and agrees to waive any rights under the Speedy Trial Act.

### WAIVER OF CIVIL CLAIMS AND HYDE ACT CLAIMS

The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant.

### FREEDOM OF INFORMATION ACT (FOIA) WAIVER

The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, but not limited to, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

### WAIVER OF APPELLATE AND POST-CONVICTION RIGHTS

In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following appellate and post-conviction terms of this agreement:

    a.    the defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a);

    b.    the defendant reserves the right to appeal from a sentence which exceeds the statutory maximum;

    c.    the defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 125 S.Ct. 738 (2005);

    d.    the defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel;

    e.    the defendant waives the right to have the sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the government;

    f.    the defendant waives the right to appeal the District Court's determination of the amount of restitution and the Court's subsequent restitution order, if any; and

    g.    the defendant waives the right to appeal the District Court's determination of any forfeiture issues and the Court's subsequent forfeiture order, if any.

## WAIVER OF DEPARTURE AND VARIANCE RIGHTS

In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following waiver of rights:

    a.    the defendant waives the right to request, recommend, or file a departure motion with the U.S. Probation Office or Court recommending a sentence below the Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines; and

    b.    the defendant waives the right to request, recommend, or file a variance motion with the U.S. Probation Office or Court requesting a sentence below the Guidelines range through the application of 18 U.S.C. § 3553(a).

The defendant has been represented by counsel and is fully satisfied with the services rendered by the defense attorney(s) and agrees that such representation has been competent legal representation and has provided the best result for the defendant possible under the circumstances of this case. The defendant expressly acknowledges that counsel has explained defendant's trial,

Defendant Initials MA    Page **6** of **16**

sentencing, appellate and post-conviction rights; that defendant understands these rights; and that defendant knowingly and voluntarily waives and relinquishes those rights as set forth above.

                                                 MATTHEW ONESIMO ARMSTRONG

                                                 10/20/21
                                                 Date Signed

## IV. WITHDRAWAL OF PLEA OR BREACH OF AGREEMENT

WITHDRAWAL OF PLEA

The United States and the defendant acknowledge and understand, if the Court does not accept this plea agreement, the Court, pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure, will give the defendant an opportunity to withdraw the guilty plea and restore defendant's trial rights. The defendant further understands, if the defendant's trial rights are restored and the defendant is subsequently convicted, the defendant may receive a higher sentence than previously contemplated by this plea agreement.

BREACH OF AGREEMENT

In the event the United States believes the defendant has failed to fulfill any obligations under this agreement, committed any local, state, tribal or federal offense after execution of this agreement or has falsely implicated an innocent person in the commission of a crime, the United States shall, in its discretion, have the options of declaring any provision of this agreement null and void. The defendant and the United States agree that in the event the Court concludes that the defendant has breached this agreement:

    a.    the defendant will not be permitted to withdraw any guilty plea(s) tendered under this agreement and agrees not to petition for withdrawal of any guilty plea(s);
    b.    the United States will be free to make any recommendations to the Court regarding sentencing in this case;
    c.    any evidence or statements made by the defendant during any cooperation phase will be admissible at any trials or sentencings; and

Defendant Initials MA                Page 7 of 16

    d.    the United States will be free to bring any other charges it has against the defendant.

### RE-INSTITUTION OF PROSECUTION

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be represented to a grand jury with jurisdiction over the matter. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or any constitutional restrictions as to the time of bringing such charges.

## V. CRIME VICTIMS' RIGHTS ACT PROVISIONS

### CRIME VICTIMS' RIGHTS ACT (18 U.S.C. § 3771)

Pursuant to the Crime Victims' Rights Act (18 U.S.C. § 3771) and the regulations promulgated under the Act by the Attorney General of the United States, the defendant understands that a crime victim has the following rights:

    a.    The right to be reasonably protected from the accused.
    b.    The right to reasonable, accurate, and timely notice of any public court proceeding, involving the crime or of any release or escape of the accused.
    c.    The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at the proceeding.
    d.    The right to be reasonably heard at any public proceeding in the district court involving release, plea or sentencing. The defendant understands that the victim's comments and recommendations may be different than those of the parties to this agreement.
    e.    The reasonable right to confer with the attorney for the Government in the case. The defendant understands that the victim's opinions and recommendations may be different than those presented by the United States.
    f.    The right to full and timely restitution as provided by law, including, but not limited to, restitution for property loss, personal injury or death.
    g.    The right to proceedings free from unreasonable delay.

  h. The right to be treated with fairness and with respect for the victim=s dignity and privacy.

The definition of crime victim under the Crime Victims' Rights is a person directly and proximately harmed as a result of the commission of a Federal offense. In the case of a crime victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardians of the crime victim or the representatives of the crime victim's estate, family members, or any other persons appointed as suitable by the court, may assume the crime victim's rights. In no event, shall the defendant be named as such guardian or representative.

## VI. PRE-SENTENCE REPORT AND SENTENCING PROVISIONS

### INFORMATION TO BE CONSIDERED AT SENTENCING

The defendant understands that the United States may bring to the Court's attention, and the Court may consider, all relevant information with respect to the defendant's background, character and conduct, including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States may bring to the Court's attention and the Court may consider any failure by the defendant to fulfill any obligation under this agreement.

### SENTENCING RECOMMENDATION(S)

*Rule 11(c)(1)(C)*

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the defendant and the United States agree the following sentence is the appropriate disposition of the case:

Count One – Life imprisonment, Count Three – Life imprisonment, Count Four – 10 years imprisonment. All sentences to run concurrently.

Defendant Initials _MA_  Page **9 of 16**

*Acceptance of Responsibility and Third Point Motion*

Counsel for the defendant has affirmatively indicated that the defendant not only wishes to enter a plea of guilty, but clearly demonstrates a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines. Provided that the defendant clearly demonstrates acceptance of responsibility in a timely manner, the United States agrees to recommend a two-point reduction in the offense level pursuant to U.S.S.G. § 3E1.1. If the defendant can adequately demonstrate this recognition and affirmative acceptance of responsibility to the Court, the United States will move that the defendant receive a third-point reduction in the defendant's offense level for acceptance of responsibility, if the defendant is eligible for such relief under the United States Sentencing Guidelines. The failure of the Court to find that the defendant is entitled to a reduction for acceptance of responsibility shall not be a basis to void this plea agreement.

## VII. FINANCIAL OBLIGATIONS

### FINANCIAL DISCLOSURES

The defendant agrees to disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party. The defendant agrees to truthfully complete a Declaration of Defendant Net Worth & Cash Flow Statement no later than the date of the change of plea hearing, signed under penalty of perjury and provide the same to the United States Attorney's Office and the United States Probation Office. The defendant further agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k) within seven days of the event giving rise to the change of circumstances. The parties agree that the defendant's failure to timely and accurately complete and sign the Declaration of Defendant Net Worth & Cash Flow Statement,

and any update thereto, may, in addition to any other penalty or remedy, constitute a failure of the defendant to accept responsibility pursuant to U.S.S.G. § 3E1.1.

The defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant. The defendant further agrees to provide waivers, consents or releases requested by the United States Attorney's Office to access records to verify the financial information. The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and financial information held by the United State Probation Office.

The defendant agrees to submit to an examination under oath and/or a polygraph examination by an examiner selected by the United States Attorney's Office, on the issue of the defendant's assets and financial disclosures.

The defendant agrees to notify the Asset Recovery Unit (ARU) of the United States Attorney's Office before the defendant transfers any interest in property with a value exceeding $1000.00 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships or corporations.

## RESTITUTION INVOLVING OFFENSE OF CONVICTION

The defendant agrees to make full restitution in an amount to be determined by the Court and in full accordance with a schedule to be determined by the Court. Even if the defendant does not agree to full restitution, the defendant also understand that restitution for the full loss caused by the defendant's conduct may be imposed by the Court and, if so imposed, shall be a condition of any probation or term of supervised release that the defendant receives.

The defendant understands that if the offense of conviction occurred after April 24, 1996, restitution is mandatory without regard to the defendant's ability to pay.

The defendant understands and agrees that the total amount of any monetary judgment the Court orders the defendant to pay will be due and payable immediately. The defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, the defendant may be resentenced to any sentence which might have originally been imposed if the Court determines the defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, the defendant acknowledges and agrees the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. § 3572, 3613 and 3664(m), notwithstanding any initial or subsequent modified payment schedule set by the Court. The defendant further understands any monetary debt the defendant owes related to this matter may be included in the Treasury Offset Program (TOP) to potentially offset the defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(F), the defendant agrees that until a fine or restitution order is paid in full, the defendant must notify the United States Attorney's Office (ARU) of any changes in the mailing address or residence address within 30 days of such change. Further, pursuant to 18 U.S.C. § 3664(k), the defendant shall notify the court and the United States Attorney's Office (ARU) immediately any change in economic circumstances that might affect the defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts or any other acquisition of assets or money.

## VIII. CONTRACTUAL SPECIFICATIONS

### REASONS FOR AGREEMENT

The United States enters into this plea agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses; takes into account the public interest in a prompt and certain disposition of the case; adequately protects the public; and promotes respect for the law, thereby serving the ends of justice.

### COMPLETE AGREEMENT/TERMS NOT SEVERABLE/CONSTRUCTION

The parties agree that this plea agreement was negotiated between competent legal counsel and shall not be construed against either the United States or the defendant because both parties acknowledge responsibility for the plea agreement reached as a result of negotiation with respect hereto and the expressed herein. The subject headings herein are for convenience only and are not part of this plea agreement. This document sets forth the complete and only terms of the plea agreement between the United States and the defendant in this case, and is binding only on the United States Attorney's Office for the Eastern District of Oklahoma, the Human Rights and Special Prosecutions Section, and the defendant. This written agreements supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than by a writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial.

### SIGNATURE REQUIREMENTS

None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Eastern District of Oklahoma and the Human Rights and Special Prosecutions

Defendant Initials MA     Page 13 of 16

Section until this agreement is signed by the defendant, defense counsel and the Acting United States Attorney, or his authorized representative.

## ACKNOWLEDGMENTS

      I have read this agreement and carefully reviewed every part of it with my attorneys. I make this agreement of my own free will, and I am competent to enter into this agreement, with full knowledge and understanding of the agreement and with the advice and assistance of my counsel, Shena E. Burgess and Jack Fisher. No promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. My plea of guilty is not the result of any threats or of any promises beyond the provisions of the agreement. I am satisfied with the legal services provided by my attorneys, Shena E. Burgess and Jack Fisher, and I have had a full opportunity to consult with my attorneys concerning this agreement, the applicability and impact of the Sentencing Guidelines and the potential terms and conditions of supervised release. I am not under the influence of anything that could impede my ability to fully understand this plea agreement.

10/20/21
Date

MATTHEW ONESIMO ARMSTRONG
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. The defendant's decision to enter into this agreement is an informed and voluntary one. The defendant is competent to enter into this agreement, with full knowledge and understanding of the agreement. The defendant is not under the influence of anything that could impede his ability to fully understand this plea agreement.

10/20/21
Date

*[signature]*
SHENA E. BURGESS, OBA # 18663
Bradford Place, Suite 300
9175 S. Yale Avenue
Tulsa, OK 74137
sburgess@smilinglaw.com

*[signature]*
JACK FISHER, OBA #2939
P.O. Box 1976
Edmond, OK
okfishlaw@aol.com
Counsel for Defendant

Defendant Initials MA        Page 15 of 16

On behalf of the Office of the United States Attorney for the Eastern District of Oklahoma, I accept this agreement of the defendant to plead guilty under the terms and conditions set forth herein.

10/19/21
Date

CHRISTOPHER J. WILSON
Acting United States Attorney

Shannon L. Henson
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
(918) 684-5100
(918) 684-5101 (fax)

10/20/21
Date

KENNETH A. POLITE, JR.
ASSISTANT ATTORNEY GENERAL
Criminal Division, Department of Justice

For RAMI S. BADAWY
Trial Attorney
Human Rights & Special Prosecutions Section
1301 New York Avenue NW
Washington, DC 20530
(202) 616-5631
Rami.Badawy2@usdoj.gov

Defendant Initials M A            Page 16 of 16