**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff*, v. **MATTHEW ONESIMO ARMSTRONG,** *Defendant*. | **FILED UNDER SEAL** Case No. CR-18-058-RAW |

**UNITED STATES' SENTENCING MEMORANDUM**

To assist the Court, the United States, by its undersigned counsel, provides the following memorandum recommending that this Court accept the plea agreement between the parties, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure (Doc. 270) and impose the agreed upon sentences of life imprisonment for Count One, Murder in Indian country, life imprisonment for Count Three, Kidnapping, and ten years imprisonment for Count Four, Possession with Intent to Distribute Methamphetamine. All sentences to run concurrently.

**Background**

On April 19, 2018, Defendant Matthew Onesimo Armstrong (Defendant) was charged by complaint with one count of Murder in Indian Country, in violation of 18 U.S.C. §§ 1111, 2, 1151, and 1153, along with Co-Defendant Nicholas Earl Faulkner (Falkner), for kidnapping and murdering a woman in Indian country in April 2017. On May 2, 2018, Defendant made his initial appearance on the complaint and was remanded to the custody of the United States Marshal.

On June 13, 2018, a federal grand jury in Muskogee, Oklahoma returned an eight-count indictment against Defendant and Faulkner with the following charges:

1

- <u>Count One</u>, Murder in Indian Country, in violation of 18 U.S.C. §§ 1111(a), 2, 1151 and 1153;

- <u>Count Two</u>, Murder in Indian Country in Perpetration of Kidnapping, in violation of 18 U.S.C. §§ 1111(a), 2, 1151, and 1153;

- <u>Count Three</u>, Kidnapping, in violation of 18 U.S.C. §§ 1201(a)(1), 2, 1151 and 1153;

- <u>Count Four</u>, Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2;

- <u>Count Five</u>, Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) and 18 U.S.C. § 2;

- <u>Count Six</u>, Use and Carry of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c), 924(j)(1), and 18 U.S.C. § 2;

- <u>Count Seven</u>, Use and Carry of a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 924(c), 924(j)(1), and 18 U.S.C. § 2; and

- <u>Count Eight</u>, Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (PSR ¶ 5, Doc. 42).

Defendant was charged conjointly with Faulkner in Counts One through Seven. Faulkner was charged individually in Count Eight.

On May 22, 2019, Faulkner entered a guilty plea to Counts Three and Eight of the Indictment pursuant to a plea agreement. On April 21, 2022, Faulkner was sentenced to 155 months imprisonment on Count Three and 120 months imprisonment on Count Eight, to run concurrently.

On October 21, 2021 Defendant entered a guilty plea to Counts One, Three, and Four of the Indictment CR-18-058-RAW (Doc. 270) pursuant Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

Defendant also entered a guilty plea to Counts One and Two of an Information CR-21-335-RAW (Doc. 10), pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

Sentencing has not yet been scheduled.[1]

In the plea agreement Defendant admitted that he and Faulkner lived together in Defendant's home in April 2017. (PSR at ¶ 9, Doc. 270). Defendant was a member of the Indian Brotherhood (IBH) and Faulkner was a prospective member of IBH. From Armstrong's residence, Defendant and Faulkner packaged methamphetamine, marijuana, tobacco, and cell phones to be smuggled for IBH into various prisons. In April 2017 Defendant possessed with intent to distribute more than 50 grams of actual methamphetamine. (PSR at ¶ 21, Doc. 270)

On or about April 16, 2017, Defendant came to believe that Nicole Owl (the victim), a woman who had been staying with Defendant and Faulkner, had stolen an amount of methamphetamine, marijuana, and money from Defendant. (PSR at ¶ 9, Doc. 270). Defendant confronted the victim about the theft, which the victim denied. Defendant then took the victim into a wooded area behind his home and tied her to a tree with an extension cord and shoelaces. (PSR at ¶ 10, Doc. 270). Defendant was assisted by Faulkner who brought the extension cord and other binding materials to Defendant at Defendant's direction. Defendant and Faulkner left the victim tied to the tree.

At approximately 7:45 p.m. on April 16, 2017, Defendant sent a text message to a third individual, which stated, "…I need ur help I guess I got sum thing tied up I need gone." Later that

---

[1] Defendant filed a motion to accelerate sentencing on April 8, 2022. The Government filed a response opposing Defendant's motion on April 22, 2022.

evening, that individual drove Defendant to his father, Jimmy Armstrong's home to retrieve an SKS rifle that Defendant stored at his father's residence. (PSR ¶ 12, Doc. 270). Defendant and the third individual then picked-up Faulkner from an address in Holdenville, Oklahoma and returned to Defendant's residence. (PSR ¶ 12, Doc. 270). Defendant and Faulkner found the victim where they had left her. Defendant asked the victim what she had done with Defendant's "stuff" and the victim replied that maybe she would remember if he kept her tied up longer. (PSR at ¶ 12, Doc. 270). Defendant then asked Faulkner if Faulkner wanted to shoot the victim, and Faulkner said no. Defendant then shot the victim once in the chest with his SKS rifle, at which point the rifle's magazine fell out. Defendant then reinserted the magazine into the rifle and shot the victim in the head, killing her. (PSR ¶ 12, Doc. 270). Defendant then gave the rifle to Faulkner and told Faulkner to take the rifle back to the house and come back with shovels. Defendant took the rifle and left the area. (PSR ¶ 13, Doc. 270).

On the morning of April 17, 2017, the third individual drove Defendant and Faulkner to a hardware store where they purchased two 80-pound bags of cement. (PSR ¶ 14, Doc. 270). Defendant and Faulkner then returned to Defendant's residence where they dug a grave, untied the victim's body from the tree and placed the victim's body in the grave. Defendant and Faulkner then mixed the cement and poured it over the victim's body. (PSR ¶ 14, Doc. 270).

### Advisory Guideline Range

The United States agrees with the U.S. Probation Department that Defendant's combined adjusted offense level is 43 pursuant to USSG § 2A1.1. (PSR at ¶ 32).

The United States recommends that Defendant receive a two (2) level reduction for acceptance of responsibility and an additional one (1) level reduction for entering his plea in a timely manner, pursuant to USSG §§ 3E1.1(a) and (b).

As indicated by USSG § 2A1.1 Application Note 2(A), in the case of a premediated killing, life imprisonment is the appropriate sentence if a sentence of death is not imposed.

## A Life Sentence Should Be Imposed

The "seriousness" of Defendant's offense, the need to deter criminal conduct, and the need to protect the public from further crimes necessitates a life sentence. Defendant, with malice-aforethought and premeditation, planned and carried-out the killing of Nicole Owl, a 31-year-old mother of three, while she was tied to a tree, helpless. After tying her up, Defendant texted another party that he needed the victim "gone." Defendant then had that party drive him to get the murder weapon and take him back to where the victim was restrained. When co-defendant Faulkner refused to shoot the victim, Defendant took his rifle, fired one shot into her chest, and then, in one of the more chilling aspects of this crime, stopped to pick-up the rifle's magazine which had fallen to the ground, and reinsert it back into the rifle, before shooting the victim a second time, in her head. Defendant then buried the victim in a shallow grave.

Defendant pled guilty to Counts One (Murder in Indian Country), Three (Kidnapping), and Four (Possession with Intent to Distribute Methamphetamine) of the Indictment. Under the terms of Defendant's plea agreement, pursuant to Rule 11(c)(1)(C), the parties have agreed that Armstrong should be sentenced to terms of life imprisonment on Counts One and Three, and a 10-year term of imprisonment on Count 4, all to run concurrently.

## **CONCLUSION**

For the foregoing reasons, this Court should accept the plea agreement and impose terms of life imprisonment on Counts One and Three, and a 10-year term of imprisonment on Count 4, all to run concurrently.

                                      Respectfully submitted.

                                      CHRISTOPHER J. WILSON
                                      United States Attorney

| September 27, 2022 | *s/Zachary W. Parsons* |
|---|---|
| Date | ZACHARY W. PARSONS |
| | Assistant United States Attorney |
| | 520 Denison Avenue |
| | Muskogee, OK 74401 |
| | (918) 709-7537 |
| | (918) 684-5101 (fax) |
| | Zachary.Parsons@usdoj.gov |

                                      KENNETH A. POLITE, JR.
                                      Assistant Attorney General

| September 27, 2022 | *s/Rami S. Badawy* |
|---|---|
| Date | RAMI S. BADAWY |
| | Trial Attorney, |
| | Human Rights & Special Prosecutions Section |
| | 1301 New York Avenue NW |
| | Washington, DC 20530 |
| | (202) 616-5631 |
| | rami.badawy2@usdoj.gov |

## CERTIFICATE OF SERVICE

   I, hereby certify that on September 27, 2022, I electronically transmitted the attached document to the Clerk of Court, which automatically transmitted a copy to Defendant's attorney of record, Martin Juarez, AFPD.

               *s/Rami S. Badawy*
               Rami S. Badawy
               Trial Attorney